Good morning, Your Honor. Good morning. The court had issued an order to be prepared to discuss Cardinal Nistelgado, Your Honor. And my reading of that particular case is that evidence regarding reliance is not required to prove that a new law is impermissibly retroactive. Basically, there's no need for subjective or objective reliance. That's not required anymore. The court in that position also cites Vartelis, where the court also says no actual, no reasonable reliance. Further goes on to say that there's no longer required any type of reliance to be able to show that a law is impermissibly retroactive. What do you do with the other side's argument that under Valencia Alvarez v. Gonzalez, your client wasn't eligible, period? Well, I disagree with that, Your Honor, for the following reasons. Because at the time that petitioner pled guilty to this crime, there's nothing that barred him from being eligible to apply for suspension of deportation in the future. Did he have the years, though, at the time? He didn't have the time, though. He didn't have the presence, did he? No, I understand that. But there's nothing at the time that he pled that completely barred him. Well, for example, let's say you haven't. Well, but if you don't have the years to make you eligible, if that's a threshold, how? Because there's no reason. You don't need to prove that under. So all you're saying is you just have to be all you anyone can apply and be rejected. But I think there's more of a requirement that you have to have a, you know, you have to show that you were eligible. He was 2 years short of the 10 he needed to be eligible. That's the argument. Well, but here's. Was he 2 years short of the 10 years? Yes, he was, Your Honor. Well, then isn't that the end of it? No. Maybe not. Tell me why not. No, Your Honor, and I'll tell you why. Let me give you the following example, and I think that the line of 212C cases clearly have simplified that time. If you have a lawful permanent resident who immigrated in 1990, pleds guilty in 1993, gets sentences less than 3 years. Is that individual eligible for a 212C waiver in 1993 when he pled guilty? Based on your question, the answer would be no. The answer would be no. But what happens is, well, back when it was immigration, never detected him, never put him in proceedings. And one of the requirements was that he show 7 years of unrelinquished damazao, 1. But at the time that he pled, there's nothing in the law that said that he was barred from applying for that relief after he acquired the 7 years of unrelinquished damazao. That's the same scenario that we have when somebody pleads. I don't have the 10 years. That's correct. If I behave and have acquired those 10 years, then I'm eligible for it. And that's clearly in all the 212C cases. Except Congress intervened. Yeah. The statute was repealed. Boom. Well, that's true. All you have at the point you plead is hope that the law will remain in effect if you But that's the same situation for anybody who was a lawful permanent resident and had an expectation or some reliance or some possible opportunity in the future. Well, what about, like, you could hope that you would marry a citizen, but you don't have anyone in mind. You could hope that you would have children, citizen-born children, but you don't have any children. I mean, you could hope that they would let you stay, you know, but that's not, you know, we don't get to base it on hopes. No, but I think that the question and a more clear example would be the following. If you're unlawfully or you're not documented and you have this type of conviction, and if you want to apply, you get married to a U.S. citizen and you want to apply to a U.S. citizen, you're barred. You're forever barred from adjusting status to the United States based on that conviction and based on being married to a U.S. citizen. See, that's different. Suspension simply said, if you have that type of conviction and later on you can prove to 10 years, you're not statutorily barred at the time that you planned. He only becomes, or this petition only becomes barred when Congress changes the law. And it is these changes in the law. And he was not yet eligible when Congress did that. That's correct. When does he become ineligible? But neither were the 212c people eligible. I mean, you know, when Congress changed the law, somebody who had not acquired the 7 years, they weren't eligible for the 212c waiver until all the cases, you know, following St. Cyr and all those cases came about. And they said, well, they're eligible now. Because why? Because at the time that they planned, was there any statutorily barred for them? And the answer is no. And I think that's the situation that we have here. And based on Cardenas' Delgado, we don't need to show the lines as we had to show before. Subjective, objective. As long as we can point to a belief that existed at the time that I entered the plea or existed at the time there was any changes in the law, I think that I am entitled. And that's what we saw before the judge and before the court. Okay. You want to say your last three times from the bottom? Yes, sir. Okay. Good morning. May it please the Court. Brendan Hogan, further respondent. Unfortunately for the petitioner in this case, Cardenas' Delgado is of no assistance. Even though that case might hope that subjective or objective reliance is no longer a requirement, as this Court determined in Valencia v. Alvarez, you still have to show that there's a vested right at issue. Well, did Varelis v. Holder overturn the Valencia v. Alvarez? The Varelis case, Your Honor? Mm-hmm. No, Your Honor, it didn't. A key difference between some of the cases that counsel was referring to earlier, St. Cyr, Lopez-Castellano, Hernandez, is that in those cases the petitioners had already satisfied all the statutory requirements for the eligibility they wished to seek. In this case, that's not what happened. In this case, he only had hope of prospective relief. Yes, there was no statutory bar when he pled guilty in 1989, but he was also clearly not statutorily eligible when he pled guilty in 1989. He had satisfied that statutory requirement of 10 years' presence after the conviction. And unfortunately for him, he was not able to satisfy that requirement. That, as far as you're concerned, is the end of it. Yes, Your Honor. And how is that different from St. Cyr? In St. Cyr, the petitioner had already satisfied all of the statutory requirements for relief prior to the passage of IRERA. In other words, but for IRERA, he would have been eligible for relief. So the sequence in St. Cyr was he commits the crime, he pleads guilty under a regime that, given the guilty plea, the way the guilty plea was structured allows him eligibility, provided he runs out of time. Yes, Your Honor. And then the time, in fact, runs out. He had already, in St. Cyr. Completes the. Yes. And then the statute was repealed. Yes, and the statute was repealed in 1997. And after he had finished the time. Yes, Your Honor. And then you think that Valencia Alvarez says if a statute is passed before you complete the time, then that's a mere expectancy. Yes, Your Honor. And also a key difference between St. Cyr and those other cases were that those petitioners. Doesn't make much sense, does it? It does, Your Honor, because they had already completed all the statutory requirements. But the test for, I thought, under St. Cyr was when you enter your guilty plea, you make certain choices. It's not like a conviction. A conviction, you have to take what they give you because, you know, the green can't do anything. But a guilty plea is you make choices. You give up certain rights. You give your right to testify, to a jury, you know, all those good rights that they give you that you have in a criminal case. And you give them up to preserve the regime or to preserve your eligibility under an existing regime. Now, why should, since that's the point the decision is made, why should it matter whether the statute is passed before you complete the repeal is happened before you complete the eligibility period or afterwards? Well, as this Court has determined in many cases, it's the quid pro quo that any of those petitioners were pleading guilty to sentences longer than five years, which would have disqualified them from 212C relief. Whereas in this case, the guilty plea is irrelevant. It doesn't matter whether he pled guilty or whether he was convicted at trial. The controlled substance offense is a controlled substance offense that precludes him from applying for suspension of deportation for 10 years. In other words, he didn't give up or make an exchange in any way when he pled guilty in this case. I see. This is a bar rather than a. Yes, sir. Okay. Okay. Thank you. Thank you. Mr. Bustamante, do you have anything to add? Yes, just briefly with regards to Valencia Alvarez. I think that Valencia Alvarez is clearly distinguishable simply because all the facts in Valencia Alvarez is that the day he committed the crime and the day that he pled to the crime, and at the time that he was put in proceedings, the law had already changed. So it's a whole different situation. Here we have something that happened before, and I think that in Castellanos, it's clear in all the cases that if the events happened before the change of the law, Valencia Alvarez, all the facts happened after the law had been changed, and that's why the court held you cannot have any expectations of whether reliance was an issue. You weren't eligible for anything. It's like me going back to the example that I gave. If you're unlawfully and want to immigrate through a U.S. citizen's spouse and be convicted of this crime, at that point in time, you are not eligible at that time or in the future unless Congress changes the law. So let's move on. Okay. Thank you. The case is now U.S. 10 submitted.
judges: KOZINSKI, TROTT, CALLAHAN